UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-60781-BLOOM/Valle

BENEDICT PIERRE-LOUIS,

    Plaintiff,

vs.

CC SOLUTIONS, LLC
a/k/a CCS LLCS, and
DINO AVDIC,

    Defendants.
_____/

**ORDER ON DEFENDANTS' MOTION TO
COMPEL ARBITRATION AND STAY PROCEEDINGS**

**THIS CAUSE** is before the Court upon Defendants' CC Solutions, LLC a/k/a CCS LLC and Dino Avdic ("Defendants") Motion to Compel Arbitration and Stay Proceedings, ECF No. [29] ("Motion to Compel"). The Court has reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.  BACKGROUND**

Plaintiff Benedict Pierre-Louis claims that he is entitled to certain wages for work performed while employed as a field tech cable installer by Defendants, CC Solutions, LLC and Dino Avdic, who are engaged in the field of cable installation services for Comcast. He filed this action seeking wages and liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendant now moves to compel Plaintiff to arbitrate the claims presented in this case pursuant to the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA"). Plaintiff, on the other hand, asserts that Defendants have waived any right to arbitration.

The parties do not dispute that on August 18, 2016, Plaintiff signed an Acknowledgement Regarding Arbitration and the Entire Manual form, which was attached to the last page of Defendant CC Solutions, LLC's Employee Manual ("Employee Manual"). *See* ECF No. [29-1]. The Employee Manual contains an arbitration policy that specifically applies to claims arising under the FLSA. In relevant part, the policy states:

> Except as it otherwise provides, this Agreement also applies, without limitation, to disputes regarding the employment relationship, trade secrets, unfair competition, compensation, breaks and rest periods, termination, or harassment and claims arising under the Uniform Trade Secrets Act, Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.

ECF No. [29-1] at 23.

On June 29, 2017, Defendants answered the Complaint but failed to assert the agreed upon arbitration policy in the Employee Manual. On August 4, 2017, Defendants filed the Motion to Compel, asserting that "the Acknowledgement Regarding Arbitration and the Entire Manual form was located upon review of Plaintiff's file in preparation for discovery in this matter and was immediately provided to his counsel by email, on July 19, 2017." ECF No. [29], ¶ 5; *see also* ECF No. [45-1] (copy of July 19, 2017 e-mail from Defendants' counsel to Plaintiff's counsel). Plaintiff responds to the Motion with the sole argument that Defendants waived the arbitration right by "actively participat[ing] in this lawsuit." ECF No. [40] at 6. The primary example of this "active participation" is the filing of Defendants' Answer. *Id.*

## II.  LEGAL STANDARD

The presence of a valid arbitration provision raises a strong presumption of enforcement. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630-31 (1985). Indeed, the FAA "embodies a 'liberal federal policy favoring arbitration agreements.'" *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1366 (11th Cir. 2008) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  Accordingly, the FAA requires courts to "rigorously enforce agreements to arbitrate," including those contained in employment contracts. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 111 (2001); *Hemispherx*, 553 F.3d at 1366; *Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1357-58 (11th Cir. 2002), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Engineers & Participating Employers*, 134 S. Ct. 773 (2014) (quoting *Mitsubishi Motors*, 473 U.S. at 625-26).  Under the FAA, a written agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

Despite the Courts' proclivity for enforcement, a party will not be required to arbitrate if the party has not agreed to do so.  *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010) *aff'd,* 433 F. App'x 842 (11th Cir. 2011) (citing *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960)).  It is axiomatic that the determination of whether parties have agreed to submit a dispute to arbitration is an issue of law subject to judicial resolution.  *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296 (2010).  Generally, this determination requires the district court to apply standard principles of contract garnered from the applicable state law.  *First Options of Chicago, Inc. v. Kaplan*, 514

U.S. 938, 939 (1995) (citation omitted); *see also P & S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).  When presented with a motion to compel arbitration, a district court will consider three factors: (1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived. *Nat'l Auto Lenders*, 686 F. Supp. 2d at 1322 (citation omitted).

Here, Plaintiff's only quarrel with enforcement of the arbitration policy in the Employee Manual concerns waiver.  Accordingly, the Court need not address whether a valid arbitration agreement exists or whether the Complaint presents an arbitrable issue and instead focuses its analysis on whether Defendants waived the right to arbitrate.

### III.   DISCUSSION

At the outset, it is important to note that federal law governs the Court's determination of this dispute.  *S&H Contractors, Inc. v. A.J. Taft Coal Co., Inc.*, 906 F.2d 1407 (11th Cir. 1990) ("Our determination of whether S&H waived it right to arbitration, as opposed to whether the contract is void under Alabama law, is controlled solely by federal law."); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 341 (2011). In its Response in Opposition to Defendant's Motion to Compel, ECF No. [40], Plaintiff exclusively relies on Florida state court cases analyzing waiver, while Defendant relies on cases from the Eleventh Circuit and other federal jurisdictions.  Florida law treats waiver similar to federal law, but there are some distinctions.  In Florida, "waiver may occur as the result of active participation in a lawsuit." *Hill v. Ray Carter Auto Sales, Inc.*, 745 So. 2d 1136, 1138 (Fla. 1st DCA 1999).  However, federal law utilizes a two-part test to analyze waiver.  "Waiver occurs when both: (1) the party seeking arbitration *substantially* participates in litigation to a point inconsistent with an intent to arbitrate; and (2) this participation results in prejudice to the opposing party." *In re Checking*

*Account Overdraft Litig*., 754 F.3d 1290, 1294 (11th Cir. 2014) (internal quotations omitted, emphasis added); *see Morewitz v. W. of England Ship Owners Mut. Prot. & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995). "Prejudice exists when the party opposing arbitration undergoes the types of litigation expenses that arbitration was designed to alleviate." *In re Checking Account Overdraft Litig*., 754 F.3d at 1294 (internal quotations omitted). Because Plaintiff brings a federal FLSA claim in federal court, the Court will analyze Defendants' Motion pursuant to federal law and precedent.

### A. Substantial Participation to a Point Inconsistent with an Intent to Arbitrate

As to the first prong of the waiver analysis, Defendants contend that, even though they did not invoke the right to arbitrate in their Answer, they did not substantially participate in litigation because they notified Plaintiff of their intent to seek arbitration shortly thereafter. *See* ECF No. [45]. Defendants filed their Answer on June 29, 2017, ECF No. [19], and, twenty (20) days later, notified Plaintiff via e-mail that it "located an arbitration agreement signed by the Plaintiff." ECF No. [45-1]. On August 4, 2017, Defendant filed the Motion to Compel. *See* ECF No. [29].

In determining whether a party acted inconsistent with its right to arbitrate, courts examine the extent to which a party participated in litigation leading up to the filing of the motion to compel arbitration. *Krinsk v. Sun Trust Banks, Inc.*, 654 F.3d 1194, 1200–01 (11th Cir. 2011) ("A party that substantially invokes the litigation machinery prior to demanding arbitration may waive its right to arbitrate if that conduct manifests the party's intent to waive arbitration") (citations omitted); *Morewitz*, 62 F.3d at 1366 ("Waiver occurs when a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate."). "When little meaningful litigation has taken place, this Court has declined to find

waiver from even longer delays." *CitiBank, N.A. v. Stok & Assoc., P.A.*, 387 F. App'x 921, 925 (11th Cir. 2010). Federal courts in this Circuit have enforced arbitration provisions even after an answer that neglects to assert the arbitration right is filed. For example, in *Dockeray v. Carnival Corp.*, 724 F. Supp. 2d 1216, 1222 (S.D. Fla. 2010), the defendant did not waive its right to arbitrate even though it filed an answer and affirmative defenses without raising the arbitration agreement and then waited nearly two months before demanding arbitration. In *Benoay v. Prudential-Bache Sec., Inc.*, 805 F.2d 1437 (11th Cir. 1986), a party did not waive its right to arbitrate when the motion to compel arbitration was filed approximately ten weeks after the arbitration right accrued and no discovery had commenced. In contrast, a party asserting an arbitration agreement one year and eight months into litigation waived the right to arbitrate due to delay. *See Stone v. E.F. Hutton & Co., Inc.*, 898 F.2d 1542, 1544 (11th Cir. 1990).

Here, Defendants did not waive their right to arbitrate by participating in the early stages of litigation. The Eleventh Circuit's waiver analysis asks whether a party *substantially* participated in litigation to a point inconsistent with an intent to arbitrate. *See Krinsk*, 654 F.3d at 1200–01. Defendants did not. Although Plaintiff alleged that, in addition to filing an Answer, Defendants served Plaintiff with initial disclosures, it still cannot be said that discovery, or any substantial litigation, has occurred.

### B. Prejudice to the Opposing Party

Plaintiff asserts that Defendants' delay in asserting the arbitration demand prejudiced him because he was required to comply with certain court deadlines and incurred attorneys' fees in so doing. *See* ECF No. [40]. Specifically, Plaintiff mentions the joint pre-trial scheduling report prepared and filed prior to Defendants' arbitration demand. *Id.* While Defendants' delay in asserting the arbitration right caused Plaintiff some prejudice, the Eleventh Circuit's test does not

merely ask whether the opposing party was prejudiced. In order to waive an arbitration agreement, a party asserting the arbitration right must *both* 1) substantially participate in the litigation which, in turn, results in 2) prejudice to the opposing party. *Morewitz*, 62 F.3d at 1366. According to the docket, Defendants filed a Joint Scheduling Report, an Answer, and a Response to Statement of Claim before filing the Motion to Compel. *See* ECF Nos. [17], [19], and [22]. Plaintiff adds that Defendants also served their initial disclosures. Defendants then became aware of the arbitration clause less than three weeks after filing their answer and notified Plaintiff of their intent to arbitrate immediately thereafter. *See* ECF No. [45-1]. This limited activity is simply not substantial participation in a lawsuit. Therefore, although Plaintiff suffered some prejudice by the minor delay, the arbitration right was not waived. Because any doubt "should be resolved in favor of arbitration, whether the problem at hand is . . . an allegation of waiver, delay, or a like defense of arbitrability," the Court grants Defendants' Motion to Compel. *Mercury Constr. Corp.*, 460 U.S. at 24–25.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the Motion to Compel. Plaintiff must submit to arbitration in accordance with the arbitration policy in the Employee Manual. Accordingly, it is **ORDERED AND ADJUDGED** that

1. Defendants' Motion to Compel Arbitration and Stay Proceedings, **ECF No. [29]**, is **GRANTED.**
2. The parties shall **SUBMIT** to arbitration of all claims asserted in this matter in accordance with the arbitration policy in the Employee Manual.
3. This matter is **STAYED** pending resolution of arbitration, and is therefore administratively **CLOSED**. The Clerk of Court is directed to **CLOSE** this matter

for administrative purposes. After arbitration has concluded, either party may seek to reopen the case.

4. All pending motions are **DENIED AS MOOT**, and any pending deadlines are **TERMINATED.**

**DONE AND ORDERED** in Miami, Florida this 25th day of October, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**